Mr. Roger Brown P.O. Box 2075 North Little Rock, AR 72115
Dear Mr. Brown:
This is in response to your request, received by this office on August 4, 1993, for approval and certification of the following popular name and ballot title, pursuant to A.C.A. § 7-9-107
(Supp. 1991):
(Popular Name)
 AN ACT ESTABLISHING A CONSUMER PROTECTION BOARD FOR THE LEGAL, PSYCHIATRIC, PSYCHOLOGICAL, COUNSELING AND SOCIAL WORK PROFESSIONS AND IT'S AUTHORITY
(Ballot Title)
 PURPOSE OF THE ACT ESTABLISHED TO PROVIDE ADDITIONAL PROTECTION FOR THE PEOPLE OF ARKANSAS; CERTAIN TERMS USED IN THE ACT DEFINED; A PERFORMANCE REPORT IS REQUIRED OF EACH LICENSING AUTHORITY EVERY FIFTH YEAR FOR THE LEGAL, PSYCHIATRIC, PSYCHOLOGICAL, COUNSELING AND SOCIAL WORK PROFESSIONS AND CERTAIN PUBLIC DISCLOSURES ARE REQUIRED OF EACH PRACTITIONER; SPECIFIC ACTS ESTABLISHED FOR THE LEGAL, PSYCHIATRIC, PSYCHOLOGICAL, COUNSELING AND SOCIAL WORK PROFESSIONS AND A METHOD FOR APPOINTING BOARD MEMBERS DETERMINED; METHOD OF FUNDING THE CONSUMER PROTECTION BOARD ESTABLISHED; DUTIES, POWERS AND AUTHORITY OF THE CONSUMER PROTECTION BOARD IDENTIFIED TO CONTROL EXCESSIVE BEHAVIOR OF PRACTITIONERS OF THE LEGAL, PSYCHIATRIC, PSYCHOLOGICAL, COUNSELING AND SOCIAL WORK PROFESSIONS; PENALTIES ESTABLISHED FOR ATTEMPTING TO INFLUENCE A BOARD MEMBER AND FOR VIOLATING PROVISIONS OF THE ACT OR RULES AND REGULATIONS ADOPTED BY THE CONSUMER PROTECTION BOARD; POTENTIAL CONFLICT OF INTEREST IDENTIFIED FOR LEGAL PRACTITIONERS IN THE LEGISLATURE THEREFOR AMENDING OR REPEALING ACT LIMITED TO INITIATIVE.
The Attorney General is required, pursuant to § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the constitutionality of the proposed act or amendment. Likewise, I am neither required nor authorized to address the merits of the proposal or the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed initiative that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my opinion that a more suitable popular name should be substituted in order to provide a more useful device for discussion of the proposed initiative prior to the election. The following popular name is hereby substituted in place of the one submitted:
(Popular Name)
 AN ACT TO ESTABLISH A CONSUMER PROTECTION BOARD TO REGULATE MEMBERS OF THE LEGAL, PSYCHIATRIC, PSYCHOLOGICAL, COUNSELING AND SOCIAL WORK PROFESSIONS, ESPECIALLY IN CONNECTION WITH CHILD ABUSE CASES.
With regard to the ballot title, it is my opinion that the submitted title should be supplemented to give the elector a fairer understanding of the issues presented. The submitted ballot title is therefore disapproved and the following substituted:
(Ballot Title)
 AN ACT TO ESTABLISH A CONSUMER PROTECTION BOARD TO REGULATE MEMBERS OF THE LEGAL, PSYCHIATRIC, PSYCHOLOGICAL, COUNSELING AND SOCIAL WORK PROFESSIONS, ESPECIALLY WITH REGARD TO CHILD ABUSE CASES; DEFINING TERMS USED IN THE ACT, DEFINING" ABUSE" TO INCLUDE, AMONG OTHER THINGS, WILLFUL MANIPULATION OF A CHILD BY A LICENSED PRACTITIONER DESIGNED TO DAMAGE OR DESTROY THE PARENT/CHILD RELATIONSHIP, CREATING FALSE MEMORIES OF CHILD ABUSE OR TRAINING A CHILD TO MAKE FALSE STATEMENTS ABOUT CHILD ABUSE OR EXPLICIT STATEMENTS ABOUT SEXUAL ACTS FOR PUBLICITY OR TO DECEIVE INVESTIGATORS, SELECTIVE ENFORCEMENT OF APPLICABLE LAWS OR RULES, KNOWING ENACTMENT OF LEGISLATION OR RULES WHICH FAIL TO PROVIDE CHILDREN EQUAL ACCESS TO MEDICAL CARE AND PROPER NUTRITION, RENDERING JUDICIAL DECISIONS CONCERNING CHILD CUSTODY OR VISITATION RIGHTS NOT BASED ON RULES OF EVIDENCE OR BASED ON PREJUDICE, OR FILING FALSE ALLEGATIONS OF CHILD ABUSE; DEFINING INSTITUTIONAL AND INSTITUTIONALIZED CHILD ABUSE; DEFINING "CHILD ABUSE HYSTERIA" AS ACTING UPON OR MAINTAINING A FALSE OR IRRATIONAL BELIEF THAT CHILD ABUSE HAS OCCURRED OR IS OCCURRING OR INCITING OR ORDERING OTHERS TO DO SO DESPITE COMPELLING EVIDENCE TO THE CONTRARY; DEFINING COGNITIVE POLICE AS AN INDIVIDUAL WHO PROVIDES LEGAL, PSYCHIATRIC, PSYCHOLOGICAL, COUNSELING OR SOCIAL WORK SERVICES TO OR FOR THE PUBLIC FOR REMUNERATION BASED ON THE CLASSIFICATION OF IDEAS, THOUGHTS, THOUGHT PROCESSES, BELIEFS, VALUES OR CONCEPTS AS ACCEPTABLE OR UNACCEPTABLE; REQUIRING A PERFORMANCE REPORT OF CERTAIN LICENSING BOARDS EVERY FIFTH YEAR STATING THE BENEFIT EACH LICENSE SPECIALIZATION PROVIDES THE PUBLIC, THE MEANS BY WHICH SUCH BENEFIT IS ACCOMPLISHED, AND THE HAZARDS AND RISKS OF THESE MEANS TO THOSE TO WHOM THEY ARE APPLIED; REQUIRING THE REPORT TO DEMONSTRATE THAT THE LICENSED PRACTITIONERS ARE ACHIEVING CLAIMS MADE BY THE PROFESSION AND ARE PROVIDING A VALID, EFFECTIVE SERVICE TO ARKANSANS; REQUIRING SUSPENSION OF RESPECTIVE BOARD'S LICENSING AUTHORITY UNTIL COMPLIANCE WITH THE REPORTING REQUIREMENT IS ACHIEVED; PROVIDING OPPORTUNITY FOR PUBLIC RESPONSE TO REPORTS AND FOR THE CONSUMER PROTECTION BOARD TO VOTE ON ACCEPTANCE OF REPORTS; REQUIRING EACH PSYCHOLOGIST, PSYCHIATRIST, COUNSELOR, THERAPIST, OTHER LICENSED MENTAL HEALTH PRACTITIONER AND LICENSED SOCIAL WORKER TO PREPARE AND MAKE AVAILABLE TO THE PUBLIC A STATEMENT OF THEIR THEORY OF PRACTICE, THE SERVICE THEY PROVIDE, THE CRITERIA USED TO MAKE DETERMINATIONS, THE RISKS TO THE CLIENT, AND TO PROVIDE EVIDENCE THAT ANY INSTRUMENTS OF EVALUATION USED ARE FREE OF GENDER, CULTURAL, ETHNIC, RACIAL OR RELIGIOUS BIAS; REQUIRING EACH APPLICABLE LICENSING BOARD TO PROVIDE A LIST OF LICENSED PRACTITIONERS INDICATING WHETHER THEY ARE MENTAL HEALTH PRACTITIONERS OR COGNITIVE POLICE UNDER THE ACT; REQUIRING EACH LICENSING BOARD TO PROVIDE THE CONSUMER PROTECTION BOARD A CLEAR STATEMENT OF THE STANDARDS AND CRITERIA USED BY COGNITIVE POLICE TO DETERMINE WHICH IDEAS, THOUGHTS, BELIEFS, VALUES OR CONCEPTS ARE ACCEPTABLE OR UNACCEPTABLE; REQUIRING EACH LICENSING BOARD TO ESTABLISH A COMMITTEE TO REVIEW THE PERFORMANCE OF EACH PRACTITIONER TO IDENTIFY THOSE WHO SYSTEMATICALLY CONTAMINATE, DAMAGE, OR EXPLOIT THEIR CLIENTS BY PASSING ALONG OR SOLICITING AGREEMENT WITH PERSONAL BIASES, PREJUDICES, OR ANIMOSITIES, PARTICULARLY IN CHILD ABUSE CASES; PROVIDING THAT ANY PRACTITIONER ENGAGING IN SUCH PRACTICES SHALL BE GIVEN 90 DAYS TO ELIMINATE THEM OR THEIR LICENSES SHALL BE SUSPENDED UNTIL THEY COMPLY; DESIGNATING SPECIFIC ACTS AS ETHICS VIOLATIONS, INCLUDING "CHILD ABUSE" AND INSTITUTIONAL AND INSTITUTIONALIZED CHILD ABUSE; PROVIDING FOR THE APPOINTMENT OF ELEVEN BOARD MEMBERS BY THE GOVERNOR FROM A LIST OF INDIVIDUALS SELECTED AT RANDOM FROM ALL REGISTERED VOTERS; FUNDING THE CONSUMER PROTECTION BOARD BY QUARTERLY ASSESSMENTS ON EACH LICENSING BOARD; EMPOWERING THE BOARD TO RECEIVE, INVESTIGATE, AND ISSUE RULINGS ON COMPLAINTS OF ETHICS VIOLATIONS BY MEMBERS OF THE RESPECTIVE PROFESSIONS; EMPOWERING THE BOARD TO ALTER OR ESTABLISH ADDITIONAL ETHICS REQUIREMENTS FOR THESE PROFESSIONS; ESTABLISHING THE BOARD'S AUTHORITY TO OPERATE, PROMULGATE RULES AND REGULATIONS, AND REMOVE MEMBERS FOR MALFEASANCE; AUTHORIZING THE BOARD, UPON A MAJORITY VOTE, TO SUSPEND THE LICENSING AUTHORITY OF ANY OF THE LICENSING BOARDS OR THE LICENSE OF ANY PRACTITIONER OF THE LEGAL, PSYCHIATRIC, PSYCHOLOGICAL, COUNSELING OR SOCIAL WORK PROFESSION DOING BUSINESS IN ARKANSAS; EMPOWERING THE BOARD TO REQUIRE CHANGES IN THE POLICIES, RULES AND REGULATIONS OF ANY APPLICABLE LICENSING AUTHORITY OR BOARD IN ARKANSAS; AUTHORIZING THE BOARD TO, UPON COMPLAINT, INVESTIGATE JUDGES TO DETERMINE IF THEY HAVE PARTICIPATED IN "CHILD ABUSE HYSTERIA"; PROVIDING THAT ANYONE WHO THREATENS, INTIMIDATES, BRIBES, OR ATTEMPTS TO BRIBE OR INFLUENCE BOARD MEMBERS SHALL BE SUBJECT TO UP TO TWELVE MONTHS IN JAIL AND UP TO A $1,000.00 FINE FOR EACH VIOLATION, AUTHORIZING THE BOARD TO SUSPEND THE LICENSING AUTHORITY OF ANY LICENSING BOARD OR THE LICENSE OF ANY INDIVIDUAL FOR VIOLATING PROVISIONS OF THE ACT OR RULES AND REGULATIONS ADOPTED PURSUANT TO IT, PROVIDING THAT THIS ACT MAY NOT BE AMENDED OR REPEALED EXCEPT BY INITIATIVE; AND PROVIDING THAT THE ACT IS SEVERABLE.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure